The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEJAVUAI, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>FYODOR "TED" KAPUSTIN aka FYDOR "TED" KAPUSTINE, an individual,<br><br>Defendant. | No. 2:25-cv-00915<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR ORDER TO SHOW CAUSE RE CONTEMPT AND/OR OTHER SANCTIONS |

Having considered Plaintiff DejaVuAI Inc.'s Emergency Motion for Order to Show Cause re Contempt and/or Other Sanctions, all papers filed in support of and in opposition to the Motion, and the argument (if applicable) of the Parties,

The Court finds clear and convincing evidence that Defendant Fyodor "Ted" Kapustin ("Defendant" or "Kapustin") failed to comply with the Court's May 22, 2025, Temporary Restraining Order that immediately enjoined him from:

- Contacting any of DejaVuAI's current and prospective customers, resellers, licensors, vendors, or other business contacts whom he is aware of by virtue of his former DejaVuAI employment or his position as a director of the Company;

- Engaging in any form of conduct or making statements or representations that disparage, portray in a negative light, or otherwise impair the reputation or commercial interest of DejaVuAI, its officers and directors, its investors, or its products and services;

ORDER
CASE NUMBER 2:25-CV-00915 - 1

1
2
3
- selling, offering for sale, marketing, or otherwise conducting or purporting to conduct business with respect to any product or service in competition with DejaVuAI's products or services; and

4
5
6
- taking any action to directly or indirectly interfere with DejaVuAI's operations, including any conduct to disrupt, alter, or otherwise affect any digital services or infrastructure that DejaVuAI currently uses to operate or market its business.

7
8
The Court further finds that Defendant acted in bad faith to disrupt this litigation by attempting to threaten, harass, and intimidate Plaintiff DejaVuAI, Inc. into dropping its lawsuit.

9
Therefore, good cause appearing, **IT IS HEREBY ORDERED** as follows:

**ORDER TO SHOW CAUSE**

11
12
13
Defendant Fyodor "Ted" Kapustin ("Defendant" or "Kapustin") is ordered to show cause, if any, not later than _____ days from the date of this order, as to why he should not be held in civil contempt or otherwise sanctioned.

15
Dated this ___ day of June, 2025.

_____
Hon. Jamal N. Whitehead
United States District Judge

ORDER
CASE NUMBER 2:25-CV-00915 - 2

1  Presented By:

2  K&L GATES LLP

3

4  By: s/John T. Bender
       John T. Bender, WSBA # 49658
5      Spencer McCandless, WSBA # 60871

6  925 Fourth Avenue
7  Suite 2900
   Seattle, Washington  98104-1158
8  Tel: +1 206 623 7580
   Fax: +1 206 623 7022
9  Emails: John.Bender@klgates.com
              Spencer.McCandless@klgates.com
10

11 *Attorneys for Plaintiff DejaVuAI, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
CASE NUMBER 2:25-CV-00915 - 3