UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEJAVUAI, INC.,<br><br>               Plaintiff,<br><br>    v.<br><br>FYODOR "TED" KAPUSTIN aka FYDOR "TED" KAPUSTINE,<br><br>               Defendant. | CASE NO. 2:25-cv-00915-JNW<br><br>ORDER DENYING MOTION TO SEAL |

## INTRODUCTION

This matter comes before the Court on Plaintiff DejaVuAI's Motion to Seal (Dkt. No. 4). Having reviewed the Motion, the relevant record, and all supporting materials, the Court DENIES the Motion with leave to renew.

## BACKGROUND

In the underlying dispute, Plaintiff DejaVuAI, Inc., alleges that its former Chief Technology Officer and current Director, Defendant Fyodor Kapustin, violated state and federal

law by using confidential information "to harm the corporation in violation of his fiduciary duties and contractual obligations." (Compl. (Dkt. No. 1) ¶¶ 1–2.) Plaintiff moved for a Temporary Restraining Order to prevent Defendant from continuing to "misuse DejaVuAI's confidential information to intentionally harm and compete against the Company, including by openly flouting his non-solicitation obligations," by contacting Plaintiff's customers, investors, employees, and vendors. (Motion for Temporary Restraining Order (Dkt. No. 10) at 1–2.) Plaintiff now seeks to maintain under seal the unredacted version of its Motion for TRO and the supporting documents on the basis that the unredacted documents contain (1) "commercially sensitive information," and (2) "inaccurate, scurrilous allegations that Defendant . . . has made to third parties regarding [Plaintiff] and its officers and products." (Mot. at 1.)

## ANALYSIS

Plaintiff admits that it failed to meet and confer with Defendant regarding the Motion, as required by LCR 5(g)(3)(A). (Mot. at 5 n.4.) Plaintiff claims that there was "good cause" to do so, however, because doing so would have "likely prompt[ed Defendant] to follow through on his threats" to "disseminate the defamatory material . . . in an effort to dissuade [Plaintiff] from filing this lawsuit." (Id.) The Court disagrees.

As a threshold matter, Local Civil Rule 5(g)(3)(A) requires the movant to include "[a] certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal . . . ." The rule contains no good cause exception, but Plaintiff directs the Court to Russell v. Samec, No. 220CV00263RSMJRC, 2020 WL 3574270, at *1 (W.D. Wash. July 1, 2020), for the proposition that other courts in this district have foregone the meet and confer requirement upon a showing of good cause. While true, the good cause found by the Russell court is not applicable here. In Russell, the court found

there was good cause to waive the requirement for plaintiff to meet and confer with <u>all</u> defendants regarding a motion to seal, as one defendant was in default and therefore unable to be conferred with. Here, there is no indication that Plaintiff was unable to meet and confer with Defendant; rather it was a strategic decision to not adhere to the local rules so that Defendant would not release the "scurrilous" materials at issue. Accordingly, the Court finds there to be no good cause for Plaintiff to have failed to meet and confer with Defendant prior to filing its Motion to Seal, as required by LCR 5(g)(3)(A). On that basis, the Motion is DENIED.

However, recognizing the likelihood that Plaintiff can show a compelling interest in the underlying information remaining under seal, the Court's denial is issued with leave for Plaintiff to renew its motion after meeting and conferring with Defendant as required by the rules. It appears that the concerns which motivated Plaintiff's failure to meet and confer have been since resolved or otherwise mitigated. (<u>See</u> Order Granting Motion for TRO and OSC (Dkt. No. 21) at 12 (enjoining Defendant from "[e]ngaging in any form of conduct or making statements or representations that disparage, portray in a negative light, or otherwise impair the reputation or commercial interest of DejaVuAI, its officers and directors, its investors, or its products and services").) The Court sees no apparent obstacle to Plaintiff meeting and conferring with Defendant and renewing its motion in accordance with the local rules. The Court will allow Plaintiff 30 days from the date of this Order to meet and confer with Defendant and file a renewed motion to seal.

## CONCLUSION

Plaintiff failed to meet and confer with Defendant prior to moving to seal as required by LCR 5(g)(3)(A). The Court does not find that Plaintiff had good cause to do so. Therefore, the Motion is DENIED with leave to amend. Within 30 days of this Order, Plaintiff is ORDERED to

1 | meet and confer with Defendant regarding its motion to seal and, if it so chooses, file a renewed
2 | motion including the certification as required under LCR 5(g)(3)(A). During that time, the Clerk
3 | is instructed to maintain under seal the documents found at Dkt. Nos. 5–9.
4 |     The clerk is ordered to provide copies of this order to all counsel.
5 | Dated August 6, 2025.

Marsha J. Pechman
United States Senior District Judge