UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEJAVUAI INC., | CASE NO. 2:25-cv-00915-JNW |
| Plaintiff, | ORDER |
| v. | |
| FYODOR KAPUSTIN also known as TED also known as FYODOR KAPUSTINE, | |
| Defendant. | |

On May 16, 2025, Plaintiff DejaVuAI Inc. moved for a temporary restraining order ("TRO") against Defendant Fyodor Kapustin. Dkt. Nos. 5 (sealed); 10 (redacted version). At that time, Kapustin was a DejaVuAI Board member. DejaVuAI argued, Kapustin was "not only exploiting DejaVuAI's proprietary software source code to compete with the Company, but also specifically targeting DejaVuAI's customers, employees, resellers, vendors, and investors in a deliberate effort to damage or even destroy the Company." Dkt. No. 1 ¶ 3. DejaVuAI's complaint asserts claims for breach of fiduciary duties, tortious interference with

ORDER - 1

contracts and business expectancy, breach of contract, and misappropriation of trade secrets under 18 U.S.C. § 1836(b)(1). *Id.* ¶¶ 29–61.

The Court issued a TRO and ordered Kapustin to show cause why the TRO should not convert to a preliminary injunction. The TRO precluded Kapustin from engaging in certain conduct harmful to DejaVuAI, including from: "[c]ontacting any of DejaVuAI's current and prospective customers, resellers, licensors, vendors, or other business contacts . . ."; "making statements or representations that disparage, portray in a negative light, or otherwise impair the reputation or commercial interest of DejaVuAI . . ."; "[s]elling, offering for sale, marketing, or otherwise conducting business or purporting to conduct business with respect to any product or service in competition with DejaVuAI's products or services"; and "[t]aking any action to directly or indirectly interfere with DejaVuAI's operations . . . ." Dkt. No. 21 at 11–12.

In early June, Kapustin requested more time to show cause; his attorney moved to withdraw from the case; Kapustin answered the complaint, alleging an unjust enrichment counterclaim; and DejaVuAI moved for an order to show cause why Kapustin should not be held in contempt for allegedly violating the TRO. The Court held a hearing to address the motions. Ultimately, it denied the motion seeking a contempt order with leave to renew, and it allowed Kapustin additional time to find new counsel and to respond to the Court's order to show cause. During this time, the TRO was to remain in place.

On June 27, DejaVuAI moved to stay and to compel the arbitration of its claims for breach of contract and misappropriation of trade secrets, as well Kapustin's counterclaim of unjust enrichment. Dkt. No. 37 at 1.

In July, the Parties submitted responses to the Order to Show Cause. Then, on August 4, before the Court decided whether to convert the TRO into a preliminary injunction, DejaVuAI moved for a preliminary injunction. Dkt. No. 53. DejaVuAI clarified that "[a]lthough [it] believes the arguments in its recent Opposition to Mr. Kapustin's Show Cause Response are sufficient grounds to convert the TRO to a preliminary injunction in full, it files this auxiliary Motion in an abundance of caution to ensure the legal issues supporting its requested relief are properly presented." *Id*. DejaVuAI notes the unique procedural nature of its new motion, acknowledging that the Court may wish to consolidate it with the pending conversion of the TRO. *Id*. at 1 n.1. The Court interprets this acknowledgment as consent to extend the TRO until the Court decides DejaVuAI's motion for preliminary injunction.

Given the changed circumstances, including Kapustin's resignation from DejaVuAI's Board, the Court finds it appropriate to consolidate consideration of DejaVuAI's pending motion for a preliminary injunction with the question of whether to convert the existing TRO. However, because a TRO cannot be extended indefinitely without the parties' consent, the Court must first obtain Kapustin's position on an extension. *See Pac. Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp. 3d 1219, 1222 n.1 (D. Or. 2016).

Accordingly, the Court ORDERS Kapustin to inform the Court by August 26, 2025, whether he consents to extend the TRO until September 19, 2025, to allow for consolidated consideration of the preliminary injunction motion.

Dated this 20th day of August, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 4