The Honorable Jamal N. Whitehead
Noting Date: October 1, 2025

# UNITED STATES COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| DEJAVUAI INC., <br><br> Plaintiff, <br><br> v. <br><br> FYODOR KAPUSTIN also known as TED also known as FYODOR KAPOUSTINE, <br><br> Defendant. | 2:25-cv-00915-JNW <br><br> **MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

## I.  RELIEF REQUESTED

Defendant Fedor Kapoustine ("Defendant" or "Mr. Kapoustine") respectfully moves under Local Civil Rule 7(h) for reconsideration and modification of the Court's Preliminary Injunction Order to strike paragraph (d), which purports to enjoin Defendant from "disclosing or using DejaVuAI's trade secrets" by categorically prohibiting any marketing, sale, research, development, or other business activity concerning a list of entire product families and editions across operating systems. *See*

MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 1  Case No. 2:25-cv-00915-JNW

SHANZE PARTNERS PLLC
701 5th Avenue, Suite 4200
Seattle, WA 98104
Phone: 206-262-7488
Fax: 206-279-1965

Dkt. 69, pp. 23-24. As written, paragraph (d) functions as a blanket restraint on Mr. Kapoustine's ability to work in his field based on his preexisting work, a result that rests on manifest errors in the Court's contract and employment status analysis and that cannot be squared with the governing agreements or Washington law.

## II. ARGUMENT AND AUTHORITIES

Although motions for reconsideration are disfavored, they are appropriate when the Court has committed a manifest error of law or fact or when new facts or legal authority emerge that were not previously available. LCR 7(h)(1). To meet this standard, the moving party must identify with precision the specific matters the Court overlooked or misapprehended. LCR 7(h)(2). Here, Paragraph (d) of the Preliminary Injunction should be stricken because it flows directly from multiple misapprehensions the defense previously raised: first, the Court interpreted the 1st1 Technologies LLP Operating Agreement ("OA") to reduce Mr. Kapoustine's preexisting software to valueless "prototypes" while assigning all economically meaningful development to the partnership. Second, the Court did not address the PIIAA's "Prior Invention" clause, which preserves Mr. Kapoustine's ownership of his preexisting image-recognition software and limits the company to a license during employment. Third, the Court accepted Plaintiff's claim of a "restructuring" that allowed DejaVuAI, Inc. to succeed 1st1 as Mr. Kapoustine's O-1 employer, even though the record shows no restructuring occurred, no new petition was ever adjudicated, and both parties submitted conflicting

MOTION FOR RECONSIDERATION OF
ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 2    Case
No. 2:25-cv-00915-JNW

SHANZE PARTNERS PLLC
701 5th Avenue, Suite 4200
Seattle, WA 98104
Phone: 206-262-7488
Fax: 206-279-1965

expert opinions on this very issue. Correcting those errors requires narrowing the injunction to removing Paragraph (d) of the Preliminary Injunction; it does not support an industry-wide bar on Defendant's work.

**A.   The Court's Reading of the 1st1 LLP Operating Agreement Deprives the Preexisting Software of Any Value and Cannot Support a Product-Line Prohibition.**

Paragraph (d) of the Preliminary Injunction is premised on the notion that anything built after formation of 1st1 is partnership (and then corporate) property, such that whole products and their iterations may be enjoined as "DejaVuAI's trade secrets." Respectfully, that premise misapprehends the OA. The OA expressly recognizes that the company's technologies are "based off the DejaVuAI Image Recognition, Ted Kapoustine being the sole inventor and owner of that technology," and then describes a business where Mr. Kapoustine continues writing software while the company may, as it matures, hire engineers to develop "solutions and software that are owned by the corporation." Dkt. 47-1, §A(1), §F(14)(a). Nothing in the OA assigns Mr. Kapoustine's preexisting codebase to the partnership; nothing states that any refinement of that code automatically strips the inventor of ownership. To read the OA so that the "preexisting prototypes" have no protectable value while all value-creating development is transferred by implication to the entity contradicts the instrument's express recognition of individual ownership and the objective manifestation of the parties' intent under Washington law. *See Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503-

MOTION FOR RECONSIDERATION OF
ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 3  Case
No. 2:25-cv-00915-JNW

SHANZE PARTNERS PLLC
701 5th Avenue, Suite 4200
Seattle, WA 98104
Phone: 206-262-7488
Fax: 206-279-1965

04, 115 P.3d 262 (2005) (contracts should be interpreted to give effect to the parties' objective manifestations of intent.)

Because paragraph (d) rests on that flawed premise, it does not merely guard against misuse of identified, non-public code; it imposes a blanket prohibition on entire product families, regardless of whether any given version contains material that truly belongs to Plaintiff or instead reflects Defendant's own prior invention. Such a sweeping restraint is not "narrowly tailored" to prevent misappropriation—it functions instead as a non-compete, something the parties deliberately did not adopt in the OA. Washington law requires courts to honor the contracts the parties actually signed, not rewrite them to create broad assignments or prohibitions that do not exist. The OA contains no assignment of Defendant's preexisting software. To nevertheless enjoin Defendant from marketing, selling, or developing products like "Photon," "Watcher," "MapSearch," and "PhotonES" treats product names themselves as trade secrets and deprives Defendant of the very rights the contracts safeguard.

**B.  The Court Overlooked the PIIAA's "Prior Invention" Clause, Which Confirms Defendant, not 1st1 or DejaVuAI Inc., Owns the Preexisting Image-Recognition Software; Paragraph (d) Nullifies that Bargained-For Protection.**

The PIIAA required Mr. Kapoustine to list preexisting inventions he wished to exclude from assignment and then granted the company a license during the relationship if any such prior invention was incorporated in company products. Dkt. 11-5, PIIAA §4(a) and Ex. A. Exhibit A identifies the image-recognition software as a "Prior Invention," and §4(a) confirms that prior inventions are not assigned but, at most,

MOTION FOR RECONSIDERATION OF
ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 4  Case
No. 2:25-cv-00915-JNW

SHANZE PARTNERS PLLC
701 5th Avenue, Suite 4200
Seattle, WA 98104
Phone: 206-262-7488
Fax: 206-279-1965

licensed. The Order did not address this argument that was detailed in Defendant's Opposition, Dkt. 57, pp. 12-14; instead, it concluded that Mr. Kapoustine "failed to claim the software as his" and treated subsequent developments as Plaintiff's property.

That interpretation renders the Prior Invention schedule meaningless and conflicts with Washington law. Washington courts disfavor contract interpretations that produce "absurd results." Instead, contracts must be read to give effect to all provisions and not in a way that renders language meaningless, ineffective, or obligations illusory. *See Pelly v. Panasyuk*, 2 Wn. App. 2d 848, 413 P.3d 619 (2018); *Taylor v. Shigaki*, 84 Wn. App. 723, 930 P.2d 340 (1997). The Prior Invention clause matters because paragraph (d) of the Preliminary Injunction now prohibits Defendant's involvement with an enumerated list of products that, even by Plaintiff's own description, are "based on" the very invention Exhibit A preserves to him. Properly construed, the PIIAA draws a clear boundary: Defendant retained ownership of his preexisting image-recognition software and source code, with only a temporary license granted to the company, while later inventions within the scope of employment could be assigned. Paragraph (d) collapses that boundary by treating entire product families as Plaintiff's trade secrets regardless of provenance or timing, nullifying Exhibit A and §4(a) and granting Plaintiff exclusivity over technology the PIIAA expressly excludes from assignment.

**C.  Once the OA and PIIAA are Correctly Applied, Paragraph (d) Cannot Stand.**

MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 5  Case No. 2:25-cv-00915-JNW

SHANZE PARTNERS PLLC
701 5th Avenue, Suite 4200
Seattle, WA 98104
Phone: 206-262-7488
Fax: 206-279-1965

Plaintiff framed a linear story: Mr. Kapoustine's "prototype" became partnership property, then DejaVuAI Inc.'s corporate property, and was ultimately assigned through the PIIAA. The Court accepted that version of events in granting preliminary relief. Even accepting that overarching narrative for purposes of preliminary relief, paragraph (d) of the Preliminary Injunction cannot stand. By branding entire product families as "DejaVuAI's trade secrets" and forbidding any marketing, sales, research, development, or other business activity relating to them, the injunction goes far beyond preventing misappropriation. It prohibits Defendant from using and disclosing the very software he created before 1st1 or DejaVuAI existed, effectively converting trade-secret law into perpetual product ownership. That result is incompatible with the parties' contracts and with Washington law.

The Operating Agreement acknowledges that the business is "based off" the DejaVuAI image-recognition technology of which Mr. Kapoustine is the sole inventor and owner, and nowhere assigns that preexisting codebase to the partnership. The PIIAA then preserves that preexisting image-recognition software as a Prior Invention, granting, at most, a limited license during employment, not an assignment. Read together, the documents confirm that Defendant retained the right to continue using, modifying, commercializing, and communicating about his own technology. Paragraph (d) of the Preliminary Injunction nullifies those bargained-for rights by declaring that product names themselves are Plaintiff's "trade secrets," regardless of provenance, authorship, or timing. Trade-secret remedies are meant to prevent the use or disclosure

MOTION FOR RECONSIDERATION OF
ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 6  Case
No. 2:25-cv-00915-JNW

SHANZE PARTNERS PLLC
701 5th Avenue, Suite 4200
Seattle, WA 98104
Phone: 206-262-7488
Fax: 206-279-1965

of another's non-public information, not to divest an inventor of the use and disclosure of his own work. 18 U.S.C. § 1839(5).

Nor is it practical or equitable to force the parties (or the Court) at this stage before discovery into serial, line-by-line code audits to determine what pieces might be "preexisting" versus "new." The contracts were drafted precisely to avoid that unworkable exercise: the OA recognizes ownership of the prior code; the PIIAA carves it out. The sensible and legally correct application is to remove paragraph (d) altogether so that Defendant is not restrained in using or disclosing his own technology, while leaving Plaintiff to pursue ordinary remedies if it can later prove a specific, protectable secret of its own was actually taken.

**D. The Immigration Evidence Confirms No Successor Relationship and No Basis for Paragraph (d) of the Preliminary Injunction**

The Preliminary Injunction concluded that because USCIS "approved DejaVuAI as [Defendant's] petitioning employer," this Court could treat DejaVuAI as his lawful employer and disregard Defendant's immigration arguments. Dkt. 69 at pp. 4, 15. Respectfully, that conclusion misapprehends both the record and the law.

First, the evidence shows that USCIS never approved a new O-1 petition filed by DejaVuAI, Inc. The only I-129 petitions in the record identify 1st1 Technologies LLP as the petitioner. Jacobson Decl. Dkt. 58, ¶¶ 12-14, 22-23. Mr. Jacobson, a practitioner with decades of business immigration experience, explained that an O-1 beneficiary "may be employed only by the petitioner through whom the status was obtained," and that a new employer must file its own petition to assume that role. *Id*. ¶¶ 4-10 (citing 8

MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 7  Case No. 2:25-cv-00915-JNW

SHANZE PARTNERS PLLC
701 5th Avenue, Suite 4200
Seattle, WA 98104
Phone: 206-262-7488
Fax: 206-279-1965

C.F.R. § 214.2(o)(2)(iv)(C)-(D)). No such petition was ever filed by DejaVuAI Inc. At most, the company notified USCIS of a restructuring, but notice is not the same as approval, and continuity of name or branding does not satisfy the successor-in-interest standard. *Id.* ¶¶ 25-30.

Second, the Court accepted Plaintiff's claim that there had been a "restructuring" that allowed DejaVuAI, Inc. to step into 1st1's shoes as the O-1 petitioner. Dkt. 69 at 4, 15. The record shows otherwise. There was no restructuring. Instead, Plaintiff misled USCIS by commingling trade names and representing that DejaVuAI, Inc. was "formerly 1st1 Technologies LLP." Dkt. 47-8. In fact, 1st1 Technologies LLP had simply registered multiple trade names in Washington, including "DejaVu AI," "DejaVuAI," and "DejaVuAI.com." Dkt. 43 ¶ 12 & Ex. 3. That does not make DejaVuAI, Inc. the successor to 1st1; the two entities remain distinct, and no merger, transfer of assets, or corporate succession ever occurred. USCIS never adjudicated or approved a new O-1 petition, and there is no evidence that DejaVuAI, Inc. ever became Defendant's authorized employer. Both sides submitted competing expert opinions on this precise point. Dkt. Nos. 49, 58. By treating DejaVuAI as Defendant's lawful employer at this preliminary stage, the Court resolved a disputed issue of fact against him and misapplied the governing immigration rules. A preliminary injunction in a trade secrets case should not, and cannot, rest on immigration filings obtained through trade name confusion and incomplete or misleading statements.

Finally, this misstep matters directly to Paragraph (d) of the Preliminary Injunction. That provision presumes DejaVuAI Inc. inherited 1st1's rights in

MOTION FOR RECONSIDERATION OF  
ORDER GRANTING PLAINTIFF'S MOTION  
FOR PRELIMINARY INJUNCTION - 8  Case  
No. 2:25-cv-00915-JNW  

SHANZE PARTNERS PLLC  
701 5th Avenue, Suite 4200  
Seattle, WA 98104  
Phone: 206-262-7488  
Fax: 206-279-1965

Defendant's O-1 employment and uses that presumption to impose an industry-wide ban on his ability to work with product families that include his own prior inventions. But if DejaVuAI Inc. never lawfully became his employer, it cannot leverage immigration filings to expand its claims over his work or to obtain through injunction the functional equivalent of a non-compete. The Court need not "invalidate" a USCIS petition to recognize that the record does not support the sweeping restraint in Paragraph (d) of the Preliminary Injunction. On this ground alone, reconsideration is warranted.

### E. Equity Demands Striking Paragraph (d) of the Preliminary Injunction.

Equity does not permit the Court to extinguish a man's life's work through a blanket prohibition disguised as a trade-secret injunction. Paragraph (d) does not preserve rights; it reallocates them, removing from Mr. Kapoustine the ability to use and disclose code he created before any entity existed, and silencing his capacity to compete in the field he himself helped shape. The Operating Agreement and PIIAA preserved his ownership and explicitly rejected a non-compete. To enforce paragraph (d) is to give Plaintiff what it never bargained for: permanent dominion over another's invention.

Justice requires balance. The hardship on Defendant is substantial: although he has decades of experience in software development, at nearly sixty years old, he now faces the devastating loss of both his livelihood and his professional reputation. Equity cannot permit a restraint that functions as a non-compete where no such covenant was

MOTION FOR RECONSIDERATION OF
ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 9  Case
No. 2:25-cv-00915-JNW

SHANZE PARTNERS PLLC
701 5th Avenue, Suite 4200
Seattle, WA 98104
Phone: 206-262-7488
Fax: 206-279-1965

signed. In this, the scales of fairness tip unmistakably: Striking paragraph (d) is not a matter of leniency; it is a matter of enforcing the contracts as written, respecting Washington's policy against unfair restraints on trade, and recognizing that the Court should not grant one party through litigation what it could not secure through agreement.

### F. Requested Modification to the Injunction.

Defendant respectfully requests that the Court grant reconsideration and strike paragraph (d) of the Preliminary Injunction in full. The governing contracts do not support any restraint on Defendant's use or disclosure of his preexisting image-recognition software, and no non-compete was agreed. Paragraph (d) imposes the functional equivalent of a non-competition covenant and extinguishes ownership rights that the OA and PIIAA preserve. Because this is not a problem of drafting but of scope, narrowing the text cannot cure the defect; the only practical and legally sound remedy is to remove paragraph (d) so that Defendant is free to use, disclose, develop, and commercialize his technology and to compete in the marketplace.

## IV. CONCLUSION

The Court should reconsider and strike Paragraph (d) of the Preliminary Injunction because it is legally and equitably unsustainable. It rests on three critical misapprehensions: (1) that the Operating Agreement stripped Defendant's preexisting image-recognition software of value and shifted all meaningful ownership to the partnership; (2) that the PIIAA did not preserve Defendant's ownership of his prior

MOTION FOR RECONSIDERATION OF
ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 10
Case No. 2:25-cv-00915-JNW

SHANZE PARTNERS PLLC
701 5th Avenue, Suite 4200
Seattle, WA 98104
Phone: 206-262-7488
Fax: 206-279-1965

work, despite its express Prior Invention carve-out; and (3) that DejaVuAI, Inc. succeeded 1st1 as Defendant's O-1 employer through a "restructuring" that never occurred. Each error alone warrants correction. Taken together, they underscore that Paragraph (d) imposes an injunction far broader than the parties' contracts or Washington law will permit.

Equity also does not support such a sweeping prohibition. At nearly sixty years old, Mr. Kapoustine now faces the loss of his livelihood and reputation under an injunction that bars him from using the very tools he created.

Justice requires the Court to correct this imbalance. Defendant respectfully requests that the Court strike Paragraph (d) in full, preserving his right to compete and to use his own work, while leaving Plaintiff free to pursue any properly supported trade secret claims in further proceedings.

**I certify that this memorandum contains 2,402 words, in compliance with the Local Civil Rules.**

DATED: October 1, 2025.

SHANZE PARTNERS PLLC

By:  /s/ Xinyuan Zhang
     Xinyuan Zhang, WSBA #61313
     Zhizhou Wang, WSBA #53166
     SHANZE PARTNERS PLLC

MOTION FOR RECONSIDERATION OF
ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 11
Case No. 2:25-cv-00915-JNW

SHANZE PARTNERS PLLC
701 5th Avenue, Suite 4200
Seattle, WA 98104
Phone: 206-262-7488
Fax: 206-279-1965

701 5th Ave, Suite 4200
Seattle, WA 98104
leowang@shanzepartners.com
echozhang@shanzepartners.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.

DATED this October 1, 2025.

Respectfully submitted,

Shanze Partners PLLC

*/s/Xinyuan Zhang*
Xinyuan Zhang, WSBA #61313

MOTION FOR RECONSIDERATION OF
ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION - 12
Case No. 2:25-cv-00915-JNW

SHANZE PARTNERS PLLC
701 5th Avenue, Suite 4200
Seattle, WA 98104
Phone: 206-262-7488
Fax: 206-279-1965