UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEJAVUAI INC., <br><br> Plaintiff, <br><br> v. <br><br> FYODOR KAPUSTIN also known as TED also known as FYODOR KAPUSTINE, <br><br> Defendant. | CASE NO. 2:25-cv-00915-JNW <br><br> ORDER DENYING RECONSIDERATION |

    Defendant Fyodor Kapoustine moves for reconsideration and modification of the Court's preliminary injunction to strike paragraph (d), which enjoins Kapoustine from "disclosing or using DejaVuAI's trade secrets" and defines DejaVuAI's trade secrets as including "any non-public source codes and non-public algorithms underlying [an included list] of [computer] programs," developed, licensed, and sold by DejaVuAI. Dkt. No. 69 at 23. The Court DENIES the motion for the reasons below. Dkt. No. 72.

    Motions for reconsideration are disfavored and will usually be denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal

**ORDER** DENYING RECONSIDERATION - 1

authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Kapoustine has demonstrated neither, as he mostly reargues points the Court previously considered and rejected.

To start, Kapoustine contends the Court misinterpreted the relevant contractual framework, particularly the PIIAA's Prior Invention clause. The Court thoroughly analyzed the Operating Agreement, License Agreement, and PIIAA. Dkt. No. 69 at 11–14. The PIIAA required Kapoustine to disclose any "Prior Inventions" he wished to exempt from assignment. Kapoustine's disclosure identified image search software "owned by 1st1 Technology LLP and licensed to [DejaVuAI Inc.]"—not software owned by him personally. *Id.* at 14. Under Washington law, courts "interpret what was written rather than what was intended to be written." *Grant Cnty. Port Dist. No. 9 v. Wash. Tire Corp.*, 349 P.3d 889, 895 (Wash. App. 2015). The Court applied the plain language of Kapoustine's own disclosure, which acknowledged 1st1's ownership and is consistent with the License Agreement providing that improvements would become DejaVuAI's exclusive property. Kapoustine's disagreement with this interpretation does not constitute manifest error.

Next, Kapoustine raises the same immigration arguments previously raised about his O-1 visa status. Dkt. No. 72 at 7. As the Court previously explained, Kapoustine cites no law "suggesting that the Court may invalidate an approve USCIS [O-1 visa] petition in a trade secrets dispute." Dkt. No. 69 at 15. This remains true.

**ORDER** DENYING RECONSIDERATION - 2

Finally, Kapoustine argues that the Court incorrectly balanced the equities, relying on the same arguments previously raised. The Court considered Kapoustine's economic interests but found DejaVuAI's showing of likely irreparable harm from trade secret misappropriation more compelling. *Id.* at 19–22. Thus, the Court finds no basis to reconsider its balancing of the equities here.

In sum, the Court finds that Kapoustine has not met the standard for reconsideration of paragraph (d) of the injunction. Accordingly, the Court DENIES his motion for reconsideration. Dkt. No. 72.

Dated this 22nd day of October, 2025.

Jamal N. Whitehead
United States District Judge