|   |   |
|---|---|
|   | The Honorable Jamal N. Whitehead |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEJAVUAI, INC., a Washington corporation,<br><br>                    Plaintiff/Counter-Defendant,<br><br>   v.<br><br>FYODOR "TED" KAPUSTIN aka FYDOR "TED" KAPUSTINE, an individual,<br><br>                    Defendant/Counter-Plaintiff. | No. 2:25-cv-00915<br><br>ORDER GRANTING DEJAVUAI'S SECOND RENEWED MOTION TO SEAL PORTIONS OF MOTION FOR TEMPORARY RESTRAINING ORDER AND RELATED DOCUMENTS |

      This matter comes before the Court on Plaintiff DejaVuAI, Inc. ("DejaVuAI" or "Plaintiff")'s Second Renewed Motion to Seal Portions of Plaintiff's Motion for Temporary Restraining Order and Related Documents. Having considered Plaintiff's motion, the declaration in support, the opposition and reply, if any, and the pleadings and record in this case, the Court finds as follows:

      The Court finds that DejaVuAI has sufficiently demonstrated that the material it seeks to seal might be libelous; that DejaVuAI has a strong legitimate interest in protecting its professional reputation, business relationships, and currently pending and future business transactions, as well as the reputation and business relationships of its officers, investors, and other entities associated

with the company; and that public dissemination of the potentially libelous material would very likely cause significant injury to these legitimate interest. The Court further finds that access to the material DejaVuAI seeks to seal is not necessary for the public to understand this judicial proceeding, and the material is of little legitimate interest to the public. The Court thus finds that DejaVuAI's legitimate interest in sealing the material outweighs the public's interest in accessing it. Finally, the Court finds that DejaVuAI's proposed sealing is narrowly tailored to minimize the amount of information filed under seal to only what is necessary to protect its legitimate interests and that no less restrictive alternative exists that may sufficiently guard against the harms described by Plaintiff.

Accordingly, the Court finds that both good cause and compelling reasons exists to seal the material. The Court thus **GRANTS** the Motion.  It is hereby **ORDERED** that the specified unredacted versions of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause and the particular declarations and exhibits in support thereof filed at the following Docket Nos. shall remain sealed from the public record until further order of the Court: 5, 6, 6-8, 6-9, 6-10, 6-11, 6-12, 6-15, 6-16, 6-17, 6-18, 6-19, 6-22, 7, 7-6, 7-7, 7-8, 7-9, 7-10, 7-11, 8, 8-3, 8-4, and 9-1.

**Dated:** January 21, 2026

_____
Jamal N. Whitehead
United States District Judge

1  Presented By:

2  K&L Gates LLP

3

4  By: *s/Spencer McCandless*
       John T. Bender, WSBA # 49658
5      Spencer McCandless, WSBA # 60871

6  925 Fourth Avenue
   Suite 2900
7  Seattle, Washington  98104-1158
   Tel: +1 206 623 7580
8  Fax: +1 206 623 7022
   Emails: John.Bender@klgates.com
9          Spencer.McCandless@klgates.com
10

11 *Attorneys for Plaintiff/Counter-Defendant*
   *DejaVuAI, Inc.*

CASE NUMBER 2:25-CV-00915 - 3