**Fedor Kapoustine**
**(address withheld for security reasons)**
**Canada**
**Telephone: +1(425)240-4627**
**Email: ted.kapustin@pm.me**
FEDOR KAPOUSTINE, PRO SE

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**
**COUNTY OF SEATTLE DIVISION**

| | |
|---|---|
| **DejaVuAI, Inc.**<br>Plaintiff,<br><br>vs.<br><br>**Fedor Kapoustine**<br>Defendant | Case No.: 2:25-cv-00915-JNW<br><br>**DECLARATION OF FEDOR KAPOUSTINE IN SUPPORT OF DEFENDANT'S COMBINED MOTION TO LIFT STAY AND DISMISS WITH PREJUDICE UNDER FRCP 41(b)** |

# DECLARATION OF FEDOR KAPOUSTINE IN SUPPORT OF DEFENDANT'S COMBINED MOTION TO LIFT STAY AND DISMISS WITH PREJUDICE UNDER FRCP 41(b)

## I. DECLARANT IDENTIFICATION

1. My name is Fedor Kapoustine. I am the defendant in this action, appearing pro se. I am a Canadian citizen, and reside in Canada. I am over the age of 18 and competent to make this declaration. I have personal knowledge of the facts set forth herein and could testify competently to them if called as a witness.
2. I submit this declaration in support of my Combined Motion to Lift Stay and Dismiss With Prejudice Under Federal Rule of Civil Procedure 41(b), which seeks dismissal of this

action based on Plaintiff DejaVuAI, Inc.'s failure to prosecute arbitration proceedings for almost a year following this Court's October 8, 2025 order compelling arbitration and staying federal proceedings.

## II. PROCEDURAL HISTORY

3. On May 14, 2025, Plaintiff DejaVuAI, Inc. filed this lawsuit against me, alleging violation of fiduciary duties, tortious interference with a contract or business expectancy, breach of contract for breaching employment agreement and PIIAA, breach of contract for breaching a purported escrow agreement, and misappropriation of trade secrets.
4. On September 17, 2025, this Court issued a preliminary injunction against me (Dkt. 69).
5. On October 8, 2025, this Court granted Plaintiff's request to compel arbitration and stayed all federal proceedings pending the outcome of arbitration (Dkt. 73).
6. I note that throughout Plaintiff's filings in this case, Plaintiff has erroneously referred to me as "Fyodor Kapustin." My correct legal name is Fedor Kapoustine.

## III. PLAINTIFF'S COMPLETE FAILURE TO INITIATE ARBITRATION

7. From October 8, 2025 to the present date, a period of over eleven months, Plaintiff has never initiated arbitration proceedings.
8. I have never received any arbitration demand from Plaintiff or Plaintiff's counsel.
9. I have never received any communication whatsoever from Plaintiff or Plaintiff's counsel regarding the initiation of arbitration, the selection of an arbitrator, the scheduling of arbitration proceedings, or any other matter relating to the arbitration that Plaintiff requested and this Court compelled.
10. Despite requesting and being granted arbitration by this Court, Plaintiff has taken absolutely no steps to move the case forward in any forum.

## IV. PLAINTIFF'S REQUEST AND CONTEMPT MOTION

11. Instead of initiating the arbitration proceedings it requested, Plaintiff has filed an emergency request asking the Court to punish me for alleged violations of the preliminary injunction, and a motion for contempt against me in this Court.
12. On March 30, 2026, Plaintiff filed "PLAINTIFF'S EMERGENCY REQUEST FOR JUDICIAL NOTICE OF DEFENDANT'S VIOLATION OF INJUNCTION AND COURT ORDERS" (Dkt. 82). This request only proves that Plaintiff's only interest was maintaining the status quo, specifically, gagging me and eliminating me as a potential competitor.
13. On April 2, 2026, this Court denied Plaintiff's request (Dkt. 84).
14. On April 16, 2026, Plaintiff filed a motion for contempt (Dkt. 87). This motion also proves that Plaintiff's only interest was maintaining the status quo indefinitely.
15. I filed my response to Plaintiff's contempt motion on May 1, 2026 (Dkt. 89).
16. As of the date of this declaration, this Court has not ruled on Plaintiff's contempt motion, which has remained pending and unanswered for over four months.

## V. NINTH CIRCUIT APPEAL

17. On April 22, 2026, I filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit, Case No. 25-7431, appealing this Court's September 17, 2025 preliminary injunction.
18. In my Ninth Circuit appeal brief filed on April 22, 2026, I specifically addressed Plaintiff's failure to initiate arbitration proceedings.
19. True and correct excerpts from my Ninth Circuit Appeal Brief, Case No. 25-7431, filed April 22, 2026, are attached hereto as Exhibit D.

20. Through my April 22, 2026 Ninth Circuit filing, a copy of which was served to Plaintiff, Plaintiff was made aware of its complete failure to initiate the arbitration proceedings it had requested. Despite this, Plaintiff so far made no attempt to initiate arbitration. Plaintiff, represented by counsel, could not have failed to understand that its failure to initiate arbitration proceedings for several months could lead to the lifting of the stay of proceedings and the dismissal of the case.

## VI. CONCRETE HARM CAUSED BY PLAINTIFF'S INACTION

21. Plaintiff's eleven-month failure to prosecute this case has caused me severe and ongoing harm.
22. I am almost 59 years old.
23. Because of this Court's temporary restraining order and September 17, 2025 preliminary injunction, I have been prohibited from selling my own software for about 16 months, from advertising my software products, and even from working on my own technology.
24. During this same sixteen-month period, Plaintiff has continued selling my software illegally, profiting from technology it has no right to sell while I have been barred from my own work.
25. I have been unable to find employment during this period, mostly due to false and defamatory information about me published on LinkedIn professional social network and on www.dejavuai.co
26. My professional and business reputation has been severely damaged by publications in legal journals such as Law360, and on LinkedIn professional social network that characterize me as someone who "sold invention" to Plaintiff, "misappropriated" Plaintiff's intellectual property and trade secrets and violated various agreements. Several potential employers in the US and Canada refused to hire me based on these

defamatory and derogatory articles that can be easily found through Web search engines, as well as LinkedIn internal search.

27. One notable example is a LinkedIn article by Mark Kaufman titled "Inventor sells creation, wants it back," which can be found at https://www.linkedin.com/pulse/inventor-sells-creation-wants-back-mark-kaufman-1dtne. This article and similar publications have harmed my ability to secure professional opportunities. True and correct copy of this article is attached hereto as Exhibit A.

28. On November 23 and 24, 2025 I sent emails to Mr.Kaufman asking him to remove the article because it contained false and defamatory information harming my reputation. I did not receive any response, and on November 25, 2025, I reached out Mr. Kaufman over the phone and asked him to remove the article, but he refused to do so. True and correct copy of my communication with Mr. Kaufman is attached hereto as Exhibit C.

29. Plaintiff also published a page titled "Further Statement Regarding False and Defamatory Claims" on its website www.dejavuai.co in which it falsely refers to me as a former employee of DejaVuAI, Inc. and reiterates all false claims made throughout this lawsuit none of which was proven. True and correct copy of a screenshot of that article is attached hereto as Exhibit C.

30. I have incurred ongoing legal costs in defending myself in this 100% fraudulent lawsuit, all while being prevented from earning income from my own technology.

31. As time passes, the memories of witnesses with knowledge relevant to this case are fading, prejudicing my ability to defend myself effectively when and if this case ever proceeds.

## VII. STATUTE OF LIMITATIONS CONCERNS

32. The former CEO of DejaVuAI, Inc., Johnny Kessler, filed several forged documents with the United States Citizenship and Immigration Services between September 2022 and

January 2024. These forged documents included documents bearing my forged signature that Kessler himself inserted into them. Each of these documents constituted a federal crime of forgery

33. Kessler also made multiple false statements in his USCIS filings during this period. Each of these false statements constituted a federal crime of perjury.

34. Kessler used these forged documents, as well as other invalid documents, as evidence in his court flings, and the court based its preliminary injunction and other decisions on these documents.

35. Kessler and his co-conspirator Mirelille Focquet made numerous false statements in their court filings, each of which constituted a federal crime of perjury. In fact, this entire lawsuit is based on Kessler's and Focquet's false statements regarding ownership of the software and regarding my alleged employment by DejaVuAI, Inc.

36. Federal crimes of forgery and perjury carry a five-year statute of limitations.

37. All of these crimes would inevitably have been uncovered during arbitration and court proceedings, after which Kessler and Focquet would have been referred to law enforcement. Knowing this, Plaintiff decided to stall the litigation, hoping to avoid liability due to the expiration of the statute of limitations.

38. Due to Plaintiff's eleven-month delay in prosecuting this case, some of these statutes of limitations are approaching expiration, which may prevent prosecution of these serious federal crimes.

## VIII. CONCLUSION

39. Plaintiff requested arbitration, was granted arbitration by this Court, and then completely abandoned the case for over eleven months.

40. During this time, Plaintiff has filed an emergency request and a contempt motion but has taken no action whatsoever to initiate the arbitration proceedings it requested.

41. I respectfully request that this Court grant my Combined Motion to Lift Stay and Dismiss With Prejudice Under FRCP 41(b) for the reasons set forth in the accompanying memorandum of law and in this declaration.

DATED: September 16, 2026

/s/ Fedor Kapoustine

Fedor Kapoustine

Defendant Pro Se

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 16, 2026, in Canada.

/s/ Fedort Kapoustine

Fedor Kapoustine