UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEJAVUAI INC.,

Plaintiff,

v.

FYODOR KAPUSTIN also known as TED also known as FYODOR KAPUSTINE,

Defendant.

CASE NO. 2:25-cv-00915-JNW

ORDER

This matter comes before the Court on Plaintiff DejaVuAI's motion to seal. Dkt. No. 92. DejaVuAI asks the Court to seal Exhibits 61, 62, 65, 66, and 67 filed in support of its motion for contempt. Dkt. No. 87.

In general, documents accompanying non-dispositive motions may be sealed for "good cause." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). Additionally, the Local Civil Rules in this district provide "[t]here is a strong presumption of public access to the court's files." LCR 5(g). Thus, a party seeking to file a document under seal must file a motion that includes a certificate that the party has met and conferred with all other

parties, and "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal." LCR 5(g)(A), (B). Here, DejaVuAI tried to meet and confer with Defendant Fyodor Kapustin, but he flatly refused to meet. *See* Dkt. No. 93-1. The Court therefore waives that requirement.

The Court finds good cause to seal these exhibits. The Court further finds that the documents relate to Kapustin's alleged violation of the Court's preliminary injunction, and that their further publication may cause harm to DejaVuAI—harm that the preliminary injunction was issued to prevent. The Court further finds that access to these specific exhibits is not necessary for the public to understand this judicial proceeding. Finally, Kapustin did not oppose the motion; the Court construes that failure as an admission that the motion has merit. LCR(b)(2). Accordingly, good cause exists to seal Exhibits 61, 62, and 65, 66, and 67, at Dkt. Nos. 94-1–94-5.

The Court notes DejaVuAI's assertion that publication of these documents "on the public record by Plaintiff" would "encourage[e] Defendant and provid[e] a roadmap to continued violation of the preliminary injunction with specific targets with whom his conduct has had an effect." Dkt. No. 92 at 4. The Court clarifies that while these documents will remain sealed, they are *not* received ex parte and must still be served on Defendant.

For the reasons above, the Court GRANTS the motion to seal. Dkt. No. 92.

Dated this 7th day of October, 2026.

Jamal N. Whitehead
United States District Judge