**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **FEDOR KAPOUSTINE**,<br>*Defendant*,<br><br>v.<br><br>**DEJAVUAI, INC.**,<br>*Plaintiff*. | **Case No.: 2:25-cv-00915-JNW**<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO PROSECUTE**<br><br>**Noting Date:** October 09, 2026 |

# I. INTRODUCTION & RELIEF REQUESTED

Defendant **Fedor Kapoustine** respectfully submits this Reply in Support of his Motion to Dismiss for Failure to Prosecute under Federal Rule of Civil Procedure 41(b).

For **over eleven consecutive months**, Plaintiff did absolutely nothing to advance this case or initiate the arbitration mandated by this Court. Plaintiff's sudden, reactive filing of an arbitration demand – occurring only *after* Defendant incurred the expense of filing a Motion to Dismiss – is a transparent legal shield. Belated compliance to escape a looming sanction does not erase nearly a year of gross neglect. The Court should exercise its inherent power to manage its docket and dismiss this action with prejudice. In the alternative, if the Court declines to dismiss the case under *Smith v. Spizzirri*, 601 U.S. 472 (2024), Defendant requests that the Court issue a strict, conditional stay conditioned upon Plaintiff reimbursing Defendant's reasonable attorney's fees and costs incurred due to Plaintiff's delay.

# II. ARGUMENT

## A. Plaintiff’s Eleven-Month Delay Is Objectively Unreasonable and Warrants Dismissal Under Rule 41(b)

When a court orders parties to arbitration without setting an explicit deadline, the law implies a duty on the plaintiff to proceed within a **reasonable time**. Sitting on a federal case for nearly a year without action frustrates the core purpose of both the Federal Arbitration Act (FAA) and the court’s docket management.

To determine whether to dismiss for failure to prosecute under Rule 41(b), the Ninth Circuit applies a strict five-factor test. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). These factors heavily favor Defendant here:

1. **The public’s interest in expeditious resolution of litigation:** Leaving a federal case stagnant for eleven months heavily violates this interest.
2. **The court’s need to manage its docket:** Plaintiff has forced this Court to maintain an open case file and monitor a frozen docket without cause.
3. **The risk of prejudice to the defendants:** The Ninth Circuit presumes prejudice when a delay is unreasonable. Defendant has been left in legal limbo, forced to keep a file open and expend resources on motion practice purely to wake the Plaintiff up.
4. **The public policy favoring disposition of cases on their merits:** While this factor generally favors plaintiffs, it is entirely overridden here by Plaintiff's willful, gross negligence.
5. **The availability of less drastic sanctions:** Plaintiff had eleven months to seek extensions or show diligence and chose to do nothing.

## B. "Eleventh-Hour" Reactive Compliance Does Not Cure Gross Neglect

Plaintiff argues that because they have now finally initiated arbitration, the Motion to Dismiss is moot. Federal courts routinely reject this argument. A party cannot ignore court-ordered obligations indefinitely, only to "cure" the violation the exact moment a sanction is requested. Allowing plaintiffs to use last-minute filings as a shield rewards foot-dragging, wastes judicial resources, and forces defendants to pay for motion practice just to compel basic compliance. Plaintiff's reactive filing is a tactical maneuver, not diligent prosecution.

## C. Alternative Relief Request: A Strict Conditional Stay and Sanctions

Defendant acknowledges the Supreme Court's recent holding in *Smith v. Spizzirri*, 601 U.S. 472 (2024), which directs district courts to stay rather than dismiss claims compelled to arbitration when a stay is requested. However, *Spizzirri* does not strip this Court of its inherent authority to penalize severe procedural misconduct or a failure to prosecute under Rule 41(b).

If this Court determines that an outright dismissal is too harsh a remedy, Defendant respectfully requests that the Court enter a **Strict Conditional Stay** under the following terms to protect Defendant from further prejudice:

1. **Fee Shifting:** Condition the stay on Plaintiff reimbursing Defendant for all reasonable attorney's fees and costs incurred in preparing the Motion to Dismiss and this Reply, as "but for" Plaintiff's 11-month neglect, these expenses would not exist.

2. **Proof of Forum Fees:** Require Plaintiff to submit proof to this Court within fourteen (14) days that all initial administrative and filing fees have been fully paid to the arbitration provider (e.g., AAA or JAMS).

3. **Mandatory Reporting:** Require the parties to file joint status reports every thirty (30) days, with an explicit warning to Plaintiff that any future delay will result in an immediate, automatic dismissal with prejudice.

# III. CONCLUSION

Plaintiff's eleven-month period of total inaction constitutes a textbook failure to prosecute. For the reasons stated above and in Defendant's primary motion, Defendant respectfully requests that the Court **DISMISS** this action with prejudice, or alternatively, enter a **STAY** strictly conditioned on the payment of Defendant's fees and strict procedural deadlines.

DATED this 08th day of October, 2026.

Respectfully submitted,

By: /s/ Fedor Kapoustine, Pro Se defendant

Address: withheld for security reasons (fear of assassination by Plaintiff)

Phone: +1(425)240-4627

email: ted.kapustin@pm.me

# IV. CERTIFICATE OF SERVICE

I hereby certify that on October 08 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys or parties of record.

/s/ Fedor Kapoustine