Hon, Jamal N.Whitehead

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **DEJAVUAI, INC.,**<br>**Plaintiff,**<br><br>**v.**<br><br>**FEDOR KAPOUSTINE,**<br>**Defendant.** | **Case No.: 2:25-cv-00915-JNW**<br><br>**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR CONTEMPT** |

Defendant, Fedor Kapoustine, appearing *pro se*, hereby responds and files this Opposition to Plaintiff's Emergency Motion for Contempt. Defendant respectfully requests that this Court deny Plaintiff's Motion in its entirety. In support, Defendant states as follows:

# I. INTRODUCTION

1 On October 26, 2026, Plaintiff filed an "Emergency Motion for Contempt," alleging that Defendant willfully violated this Court's Preliminary Injunction dated September 17, 2025.

2 Plaintiff's motion fails to meet the strict legal standards required for a finding of contempt.

3 **The Preliminary Injunction is currently on appeal before the United States Court of Appeals for the Ninth Circuit. Furthermore, Defendant is a resident and citizen of Canada, residing entirely outside the territorial jurisdiction of the United States. Because the court lacks extraterritorial jurisdiction to enforce this preliminary injunction against a foreign citizen on foreign soil, and because a good-faith appeal**

**is actively pending, a finding of contempt is legally impermissible.**

## II. RELEVANT BACKGROUND

4 On September 17, 2025, this Court entered a Preliminary Injunction against Defendant.

5 Believing the injunction to be legally deficient and entered in error, Defendant timely filed a Notice of Appeal to the Ninth Circuit Court of Appeals on November 21, 2025 (Appeal No. 25-7431). That appeal remains pending.

6 Defendant is a Canadian citizen residing in British Columbia, Canada. Defendant does not reside, possess assets, or operate within the Western District of Washington or the United States.

## III. LEGAL STANDARD

7 To establish civil contempt, a moving party must prove by clear and convincing evidence that the non-moving party violated a specific, clear, and unambiguous court order, and possessed the ability to comply.

8 It is a foundational principle of federal law that a court's equitable powers, including preliminary injunctions, generally do not extend extraterritorially to compel or restrain the conduct of foreign citizens acting entirely within their own sovereign nations.

## IV. ARGUMENT

### A. The Court Lacks Extraterritorial Jurisdiction to Enforce the Injunction Against a Canadian Resident

9 Plaintiff seeks to hold Defendant in contempt for actions or non-actions taking place entirely within Canada.

10 United States district courts generally lack the jurisdiction to enforce equitable remedies or injunctions extraterritorially against foreign nationals on foreign soil. Because

Defendant is outside the territorial jurisdiction of the United States, the injunction cannot legally command or restrict Defendant's conduct in Canada.

11 Holding a foreign citizen in contempt for overseas conduct violates principles of international comity and exceeds the statutory and constitutional reach of this Court.

**B. The Injunction is Under Active Appellate Review**

12 Defendant has actively challenged the validity of the underlying Preliminary Injunction by lodging a formal appeal with the Ninth Circuit.

13 Because the fundamental lawfulness of the injunction is currently being reviewed by the higher court, imposing severe contempt sanctions or emergency penalties at this juncture would be premature, inequitable, and highly prejudicial to Defendant's appellate rights.

**C. The Underlying Injunction Contains Clear Legal Errors Currently Under Heavy Appellate Scrutiny**

14 A court cannot comfortably impose contempt sanctions when the underlying order rests on a flawed legal foundation. Defendant has timely appealed the Preliminary Injunction to the United States Court of Appeals for the Ninth Circuit, as the underlying order completely departed from established constitutional and statutory boundaries.

15 Because the Preliminary Injunction completely disregarded controlling law, it is highly probable that the Ninth Circuit will vacate or reverse the order. Proceeding with contempt sanctions based on a legally deficient injunction creates a substantial risk of creating irreversible judicial error and severe prejudice against the Defendant.

16 Principles of judicial economy dictate that this Court should defer any enforcement or contempt actions while its prior ruling is undergoing active, rigorous scrutiny by the Court of Appeals.

**D. No True Emergency Exists to Justify Contempt Sanctions**

17 Plaintiff has failed to demonstrate an imminent, irreparable emergency that would justify

the extraordinary measures of contempt. The matters raised by Plaintiff do not present an immediate threat to life, safety, or irreversible destruction of property, and should wait until the Ninth Circuit rules on the validity of the underlying injunction.

## V. PRAYER FOR RELIEF

WHEREFORE, Defendant, [Defendant's Name], respectfully requests that this Court:

- **DENY** Plaintiff's Emergency Motion for Contempt in its entirety;
- **STAY** any further contempt proceedings pending the outcome of Defendant's appeal before the Ninth Circuit Court of Appeals; and
- **GRANT** such other and further relief as this Court deems just and proper.

Dated this _28___ day of ___October___, 2026.

Respectfully submitted,

By: __/s/__Fedor Kapoustine___

Fedor Kapoustine
(address withheld for security reasons)
Phone: (425)240-4627
email: ted.kapustin@pm.me
*Defendant Pro Se*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's electronic filing system and Email on this _28_ day of ___October____, 2026, to:

Brennen Johnson
deMaine Seeberger PLLC
2115 N. 30th St., Ste. 101,
Tacoma, WA 98403
Brennen@demaineseeberger.com
*Attorney for Plaintiff*

__/s/__Fedor Kapoustine___