UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEJAVUAI INC.,<br><br>Plaintiff,<br><br>v.<br><br>FYODOR KAPUSTIN also known as TED also known as FYODOR KAPUSTINE,<br><br>Defendant. | CASE NO. 2:25-cv-00915-JNW<br><br>ORDER DENYING DEFENDANT'S MOTION TO APPEAL IN FORMA PAUPERIS |

On November 2, 2026, the Court found Defendant Fyodor Kapoustine in civil contempt and ordered him to comply with its preliminary injunction. Dkt. No. 111. The Court also ordered him to pay Plaintiff DejaVuAI Inc. the attorney's fees it incurred on its motions for contempt and for a temporary restraining order. *Id.* Later that day, Kapoustine filed a notice of appeal and application to appeal in forma pauperis ("IFP"). Dkt. Nos. 112; 113. The Court DENIES the motion. Dkt. No. 113.

Under 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24(a)(1), a litigant may apply to appeal a district-court decision IFP. To do so, the litigant must

apply in the district court and include an affidavit that: "(1) shows in detail the party's inability to pay or give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues the party intends to present on appeal." *Rhine v. Buttigieg*, No. 2:20-cv-01761-RAJ, 2023 WL 3902384, at *1 (W.D. Wash. May 3, 2023) (citing Fed. R. App. P. 24(a)(1); 28 U.S.C. § 1915(a)(1)). But "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith when it "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of Section 1915, an appeal is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1] If the district court denies an application to appeal IFP, it must immediately notify the parties and the court of appeals. Fed. R. App. P. 24(a)(4).

Kapoustine's appeal is frivolous and thus not taken in good faith. The issue he raises is whether this Court may find him in civil contempt for violating its preliminary injunction while the injunction is on appeal. Dkt. No. 113 at 1 ("The appeal seeks review of the Court's Civil Contempt Order dated November 2, 2026, which enforces a preliminary injunction currently under active appeal before the United States Court of Appeals for the Ninth Circuit."). But district courts have jurisdiction to enter contempt orders against parties who violate preliminary injunctions, even when those injunctions are on appeal. *Thakur v. Trump*, 795 F.

---

[1] Additionally, if the order the litigant seeks to appeal is not appealable, the district court may find "that the appeal is not taken in good faith." *Javor v. Brown*, 295 F.2d 60, 61 (9th Cir. 1961). For purposes of this motion, the Court assumes without deciding that its civil contempt order is immediately appealable.

Supp. 3d 1168, 1170 (N.D. Cal. 2025) ("The Court, of course, retains jurisdiction to enforce the Preliminary Injunction during the pending appeal."); *see In re Rains*, 428 F.3d 893, 904 (9th Cir. 2005) ("[A] trial court retains jurisdiction to take actions that preserve the status quo during the pendency of an appeal" and "to implement or enforce the [appealed] judgment or order," as long as the court does not "alter or expand upon the judgment.") (citation modified); *cf. A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1099 (9th Cir. 2002) ("Federal Rule of Civil Procedure 62(c) . . . authorizes a district court to continue supervising compliance with [an] injunction" pending interlocutory appeal.); *Diamontiney v. Borg*, 918 F.2d 793, 796–97 (9th Cir. 1990) (implicitly acknowledging district court's authority to enter civil contempt order for violation of preliminary injunction while injunction was on appeal). Thus, the Court certifies that Kapoustine's appeal lacks a basis in law and so is not taken in good faith.

Separately, the Court denies the motion because Kapoustine's declaration does not show an "inability to pay or to give security for fees and costs" with the specificity required by Federal Rule of Appellate Procedure 24(a)(1)(C), which requires applicants to provide "the detail prescribed by Form 4 of the Appendix of Forms." Kapoustine's declaration is sparse and fails to provide information requested by Form 4. *See* Dkt. No. 113-1. And while Kapoustine states that he is unemployed and makes no wages, he also regularly transfers money from his retirement account to cover his monthly expenses. *Id.* at 1–2. Without more information, the Court cannot find that Kapoustine is unable to pay for his appeal.

Accordingly, the motion is DENIED. Dkt. No. 113. The Clerk is DIRECTED to notify the Ninth Circuit of this decision.

Dated this 6th day of November, 2026.

Jamal N. Whitehead
United States District Judge