UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEJAVUAI, INC., Plaintiff,<br>v.<br>FEDOR KAPOUSTINE, Defendant. | Case No.: 2:25-cv-00915-JNW<br><br>DEFENDANT'S MOTION FOR RECUSAL AND DISQUALIFICATION OF THE HONORABLE JAMAL N. WHITEHEAD PURSUANT TO 28 U.S.C. §§ 144 AND 455 |

# DEFENDANT'S MOTION FOR RECUSAL

Defendant Fedor Kapoustine, appearing pro se, respectfully moves for the immediate recusal and disqualification of the Honorable Jamal N. Whitehead from the above-captioned matter pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455(a) and (b)(1).

As set forth in the accompanying Affidavit, the Court has completely abandoned its role as a neutral arbiter and has engaged in extraordinary, biased procedural maneuvers that cross the line into active advocacy, collusion, and structural assistance on behalf of the corporate Plaintiff. Most recently, following Defendant's timely filing of an appeal of an unlawful contempt order, Judge Whitehead immediately moved to block appellate review by maliciously denying Defendant's In Forma Pauperis (IFP) motion, baselessly branding a vital constitutional appeal as "frivolous" and in "bad faith." This act of retaliation builds upon a clear pattern of bias: selectively lifting an active stay solely to penalize a Canadian citizen for protected speech on Canadian soil, severely exceeding territorial jurisdiction, and willfully ignoring uncontradicted federal USCIS records.

The Court's November 2, 2026 order selectively lifted a stayed action exclusively to weaponize its contempt powers against Defendant, a Canadian citizen residing in Canada, while leaving Defendant's substantive defenses completely frozen. By systematically validating documented corporate perjury, enforcing an invalid Proprietary Information and Inventions Agreement (PIIA), and intentionally ignoring irrefutable federal USCIS records proving that Plaintiff was never Defendant's employer, the Court is actively assisting the Plaintiff in its bad-faith attempt to use the judiciary to expropriate Defendant's proprietary technology—which predates the existence of both corporations by years. Because the Court has abandoned its role as a neutral arbiter and is instead actively facilitating the theft of Defendant's pre-existing intellectual property, its impartiality is compromised.

The Court is actively executing a scorched-earth campaign to shield the Plaintiff from appellate scrutiny and assist them in using the judicial machinery to steal Defendant's independent technology. Disqualification is mandatory under federal law.

Dated: November 6, 2026

Respectfully submitted,

__/s/__Fedor Kapoustine_____

Fedor Kapoustine, Defendant *Pro Se*

(address withheld for security reasons)

Email: ted.kapustin@pm.me

Phone: +1(415)240-4627

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DEJAVUAI, INC., Plaintiff,

v.

FEDOR KAPOUSTINE, Defendant.

Case No.: 2:25-cv-00915-JNW

AFFIDAVIT OF FEDOR KAPOUSTINE IN SUPPORT OF MOTION FOR RECUSAL

I, Fedor Kapoustine, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and 28 U.S.C. § 144, that the following statements are true and correct:

1. I am the Defendant in the above-captioned matter. I make this affidavit in support of my motion to recuse the Honorable Jamal N. Whitehead due to personal bias, prejudice, and a clear appearance of partiality in favor of Plaintiff DejaVuAI, Inc.

2. I am a citizen of Canada, currently residing in Canada, and have resided outside of the United States for over one consecutive year.

3. Judge Whitehead has demonstrated deep-seated, extrajudicial hostility and actual bias by issuing a punitive denial of my In Forma Pauperis (IFP) status for my active Ninth Circuit appeal (Case No. 26-7340). By baselessly certifying that a critical appeal addressing unconstitutional prior restraints, extraterritorial overreach, and corporate perjury is "frivolous" and brought in "bad faith," the judge has abandoned all neutrality. This order acts as an intentional gatekeeping mechanism designed to block indigent, unrepresented litigants from seeking appellate review, showing overt collusion to shield the Plaintiff's litigation tactics from higher court scrutiny.

4. Judge Whitehead has severely exceeded his judicial power and violated the territorial jurisdiction of the United States court system by actively policing and punishing the conduct of a Canadian citizen

operating entirely within foreign sovereign territory. The November 2, 2026 contempt order explicitly penalizes LinkedIn posts authored and published from Canadian soil, breaching fundamental boundaries of international comity and due process.

5. The underlying preliminary injunction and subsequent contempt order issued by this Court are fundamentally rooted in the Court's adoption of wholesale corporate perjury. Plaintiff falsely claimed it was my employer to assert rights under a legally invalid Proprietary Information and Inventions Agreement (PIIA).

6. I provided this Court with conclusive, uncontradicted federal records from the United States Citizenship and Immigration Services (USCIS), including approved records and notices, demonstrating that my O-1A visa was sponsored exclusively by a distinct entity: 1st1 Technologies, LLP. Plaintiff DejaVuAI, Inc. had no employment relationship with me. The Court intentionally and entirely ignored these verified federal records.

7. Plaintiff's claims of intellectual property ownership are based entirely on a "work for hire" narrative linked to that invalid PIIA. However, as documented before this Court, I was never employed by Plaintiff, and my official duties as Chief Technology Officer (CTO) of 1st1 Technologies, LLP explicitly excluded software development. Furthermore, the proprietary source code and algorithms at issue predate the legal existence of both DejaVuAI, Inc. and 1st1 Technologies, LLP by several years.

8. The Court's systematic pattern of ignoring undisputed federal data, validating corporate perjury, exceeding the court's territorial limits to silence a foreign citizen, and now attempting to block appellate review by denying IFP status demonstrates that the Court is actively assisting the Plaintiff in its attempts to steal my pre-existing technology through judicial fiat.

9. Following the injunction, this Court stayed this federal lawsuit in October 2025 to compel the parties to binding arbitration. Yet, on November 2, 2026, the Court engaged in a highly irregular and biased procedural maneuver: it lifted the stay selectively and exclusively for the limited purpose of issuing an

oppressive civil contempt order against me for social media posts made from Canada while my substantive defenses remain entirely frozen.

10. The Court's order mandates that I remove LinkedIn posts and prohibits further postings—even though those posts merely shared copies of my own public court filings—amounting to an unconstitutional prior restraint on true speech to protect the reputation of a deceptive corporation.

11. The Court's cumulative actions—specifically, blocking appellate review via bad-faith IFP certification, ignoring official USCIS data, validating corporate perjury, exceeding the court's territorial limits, and selectively unfreezing a case solely to penalize a foreign national under an active stay—afford the Plaintiff an unfair, unconstitutional advantage and actively facilitate the theft of my independent technology. No objective, reasonable observer would view these proceedings as fair or impartial.

Executed on November 6, 2026, in British Columbia, Canada.

_/s/__Fedor Kapoustine___

Fedor Kapoustine

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DEJAVUAI, INC., Plaintiff, | Case No.: 2:25-cv-00915-JNW |
| v | |
| FEDOR KAPOUSTINE, Defendant. | CERTIFICATE OF GOOD FAITH PURSUANT TO 28 U.S.C. § 144 |

I, Fedor Kapoustine, Defendant appearing pro se in the above-captioned matter, hereby certify pursuant to 28 U.S.C. § 144 that the foregoing Motion for Recusal and accompanying Affidavit are made in good faith, are well-grounded in fact and law, and are not interposed for any improper purpose, frustration of process, or unnecessary delay.

Dated: November 6, 2026

Respectfully submitted,

_/s/__Fedor Kapoustine___

Fedor Kapoustine, Defendant *Pro Se*