UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEJAVUAI INC.,<br><br>Plaintiff,<br><br>v.<br><br>FYODOR KAPUSTIN also known as TED also known as FYODOR KAPUSTINE,<br><br>Defendant. | CASE NO. 2:25-cv-00915-JNW<br><br>ORDER DECLINING VOLUNTARY RECUSAL AND REFERRING DEFENDANT'S MOTION FOR RECUSAL |

This matter comes before the Court on Defendant Fyodor Kapoustine's motion for recusal. Dkt. No. 116. The Court lifts the stay in this case solely to resolve this motion—the stay remains in effect otherwise. For the reasons below, I decline to recuse voluntarily and refer the motion to Chief United States District Judge David Estudillo.

If a party moves to recuse a judge under 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). A federal judge must disqualify themself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Recusal is required when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (citation modified). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). If the judge declines to recuse, the motion is referred to the chief judge. LCR 3(f).

Kapoustine argues that I should recuse because I granted Plaintiff DejaVuAI's motions and enforced the Court's preliminary injunction against him. Dkt. No. 116 at 1–2. These rulings are not sufficient cause for recusal, as they are based on an application of the relevant law, not bias or prejudice. I find that under these circumstances my impartiality cannot reasonably questioned.

Thus, I DECLINE to recuse voluntarily and REFER Kapoustine's motion for recusal, Dkt. No. 116, to Chief Judge Estudillo for decision under LCR 3(f).

Dated this 10th day of November, 2026.

Jamal N. Whitehead
United States District Judge