UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEJAVUAI INC., Plaintiff, v. KAPUTSIN, Defendant. | CASE NO. 2:25-cv-00915-JNW<br>ORDER ON MOTION FOR RECUSAL (DKT. NO. 116) |

This matter comes before the Court on the Honorable Judge Jamal N. Whitehead's denial (Dkt. No. 117) of Defendant's motion for recusal (Dkt. No. 116.) Local Civil Rule 3(f) provides that "whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455" and the "challenged judge decides not to voluntarily recuse" himself, he must "direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Whitehead's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455. Recusal is required if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also Yagman v.*

*Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry focused on the appearance of impartiality. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992). Recusal is also required in specific situations, including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Such bias or prejudice must derive from more than standard disagreements with court rulings. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).

Defendant, who is proceeding pro se, specifically challenges the Court's denial of his *in forma pauperis* application, its decision to lift the stay for purposes of contempt enforcement, its exercise of jurisdiction, and its treatment of the parties' contractual and intellectual property disputes. (Dkt. No. 116 at 1–2.) Defendant contends these decisions demonstrate the Court has abandoned its role as a neutral arbiter and is assisting Plaintiff in misappropriating his intellectual property. (*Id.* at 2.)

Defendant's allegations do not establish grounds for recusal. Rather, they amount to disagreements with the Court's judicial rulings and the manner in which it has managed the proceedings. Adverse rulings, standing alone, are insufficient to establish judicial bias or create an appearance of partiality. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal"); *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias."). Defendant identifies no objective evidence of personal bias, prejudice, or favoritism that would make fair judgment impossible. Conclusory allegations of retaliation, collusion, and improper motive do not transform Defendant's disagreement with the Court's decisions into grounds for disqualification.

Accordingly, Defendant has failed to establish recusal is warranted under 28 U.S.C. § 455. Defendant's motion to recuse (Dkt. No. 116) is DENIED. The Court AFFIRMS Judge Whitehead's denial (Dkt. No. 117) of Defendant's motion for recusal.

Dated this 13th day of November, 2026.

David G. Estudillo
United States District Judge