UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**DEJAVUAI, INC.,**
*Plaintiff,*
v.
**FEDOR KAPOUSTINE**,
*Defendant, Pro Se.*

**Case No. 2:25-00915-JNW**

**DEFENDANT'S EMERGENCY MOTION TO STAY CONTEMPT ENFORCEMENT PENDING ARBITRATION AND NOTICE OF FRAUD ON THE COURT**

*Note on Motion Calendar: Emergency Review Requested Under LCR 7(d)(3)*

# DEFENDANT'S LOCAL CIVIL RULE 7 CERTIFICATION OF EMERGENCY

Pursuant to the Local Civil Rules for the Western District of Washington, Defendant Fedor Kapoustine (*Pro Se*) hereby certifies that an immediate emergency exists necessitating an expedited stay of contempt enforcement prior to the expiration of the standard multi-week motion calendar:

1. **Nature of the Emergency:** This Court has selectively unfrozen this action to enforce a contempt order based on a Preliminary Injunction. However, on November 10, 2026, the binding AAA Arbitrator formally granted leave to adjudicate whether the Plaintiff's underlying contract and trade-secret ownership claims are completely barred as a matter of law by federal judicial estoppel and documented immigration perjury. Defendant faces immediate, compounding, and irreparable financial and operational penalties under the active contempt track while the true merits of the dispute are facing a threshold dismissal in arbitration.

2. **Meet-and-Confer Certification:** On November 16, 2026, Defendant contacted Plaintiff's counsel via email to request a voluntary, mutual stay of the contempt enforcement pending the Arbitrator's ruling on the newly allowed Rule R-34 Dispositive Motion. Plaintiff's counsel refused to consent, necessitating this emergency application.

## I. INTRODUCTION AND RELIEF REQUESTED

Defendant Fedor Kapoustine (*Pro Se*) respectfully submits this Emergency Motion to Stay Contempt Enforcement Pending Arbitration and Notice of Fraud on the Court.

This Court previously lifted its stay in this matter selectively for the purpose of issuing and enforcing a contempt order premised on Plaintiff DejaVuAI, Inc.'s ("Plaintiff" or "DejaVuAI") Preliminary Injunction. However, both the Preliminary Injunction and the subsequent contempt proceedings rest upon a material fraud perpetrated upon this Court regarding Defendant's employment status and ownership of proprietary software ("DejaVuAI Software").

On **November 10, 2026**, following a 352-day tactical delay by Plaintiff, the American Arbitration Association ("AAA") Tribunal (Case No. 01-26-0005-6588, Arbitrator Gillette) conducted its initial conference and **granted Defendant leave to file a Combined Dispositive Motion to Dismiss pursuant to AAA Commercial Rule R-34** based on federal judicial estoppel, failure of consideration, lack of title, and contractual waiver. Because the arbitral tribunal is now actively adjudicating whether Plaintiff's foundational claims of employment and software ownership are barred as a matter of law by sworn federal immigration filings, equity and judicial economy require this Court to **immediately stay all contempt enforcement and sanctions** pending the Arbitrator's dispositive ruling.

While Defendant previously noted certain USCIS discrepancies in July 2025, the procedural posture has now fundamentally changed: the designated arbitral forum has formally accepted the issue for determination as a clear-cut threshold question of law. A true and correct copy of Defendant's newly

filed AAA Combined Dispositive Motion to Dismiss is attached hereto as **Exhibit 1**. Exhibits to AAA Combined Dispositive Motion are attached hereto as **Exhibit 2**

## II. PROCEDURAL AND FACTUAL BACKGROUND

1. **The Fraudulent Basis of the Preliminary Injunction:** In May 2025, Plaintiff initiated this action alleging that Defendant was employed by DejaVuAI, Inc. and created proprietary software (or at least parts of it) within the scope of that corporate employment. Plaintiff's former CEO Mr. Kessler committed fraud twice: **first time on USCIS,** when he falsely stated in his October 2025 USCIS submission that 1st1 Technologoies, LLP changed its name to DeajVuAI, Inc., and that it changed EIN from 85-1294804 to 92-0336356 (Ehhibit H; Dkt. No. 47-8); and **second time on this court,** when he falsely stated in his Declaration (Dkt. No. 47 ¶ 17) that USCIS "accepted" his fraudulent October 25, 2022 attempt to substitute the petitioner of the Defendant's O-1A visa from 1st1 Technologies, LLP to DejaVuAI, Inc., and that the petitioner was changed. Relying on these false statements, and on corporate W-2 forms generated on behalf of DejaVuAI, Inc. by Kessler who concurrently served as CEO and accountant of 1st1 Technologies, LLP and CEO and accountant of DejaVuAI, Inc., Plaintiff obtained a sweeping Preliminary Injunction barring Defendant from selling, advertising, or working on his own software.

2. **Plaintiff's 352-Day Tactical Stall of Arbitration:** On October 8, 2025, this Court entered an Order compelling Count III (Breach of Employment Contract) and Count V (Misappropriation of Trade Secrets) to arbitration. Having secured a preliminary injunction that paralyzed Defendant's livelihood, Plaintiff refused to initiate arbitration for **352 days**, filing its AAA Demand on September 25, 2026—only nine days after Defendant moved to dismiss this action for failure to prosecute on September 16, 2026. Instead of prosecuting its underlying ownership claims in

arbitration, Plaintiff returned to this Court to lift the stay selectively and pursue contempt penalties against Defendant.

3. **Undisputed Federal Filings Exposing Plaintiff's Perjury:** Sworn federal petitions signed by Mr. Kessler under penalty of perjury and submitted to U.S. Citizenship and Immigration Services ("USCIS")—already part of this Court's record at Dkt. No. 47—conclusively refute the factual premise of Plaintiff's Complaint and Preliminary Injunction:

4. **Separate Employer and Unique EIN:** On Form I-129 (signed June 7, 2022; approved March 1, 2023) and Form I-140 (signed January 10, 2024; approved January 24, 2024), Mr. Kessler certified under penalty of perjury that **1st1 Technologies, LLP (EIN: 85-1294804)**—a separate Washington legal entity with its own EIN and Washington UBI—was Defendant's exclusive employer.

5. **Verbatim Admission of Defendant's Ownership:** Both sworn federal petitions explicitly certify verbatim that **"Mr. Kapoustine is the inventor and owner of image search and recognition technology, DejaVuAI,"** and define his job duties as CTO strictly as executive leadership, excluding software development or writing code.

6. **Recycled Payroll Records:** To prove to USCIS that *1st1 Technologies, LLP* paid Defendant's salary, Mr. Kessler attached the exact same DejaVuAI, Inc. W-2 forms and pay stubs that Plaintiff now presents to this Court as proof of *corporate* employment, disguising the discrepancy by falsely labeling the petitioner as *"1st1 Technologies, LLP (DBA DejaVuAI, Inc.)."*

7. **Foundational LLP Operating Agreement:** The June 2020 Operating Agreement of 1st1 Technologies, LLP explicitly establishes that the Software predates both entities by years and belongs solely to Defendant.

8. **The Fatal Factual Error Inherent in the Preliminary Injunction Order:** The Preliminary Injunction currently enforced via contempt proceedings relies on a material factual error that

contradicts the federal record. The Injunction states that *"the companies notified USCIS of the corporate restructuring, and USCIS approved DejaVuAI as Kapoustine's petitioning employer"* (Dkt. No. 69 at Page 5; referencing Dkt. No. 47 ¶ 17). In reality, on October 25, 2022, Plaintiff's executive submitted a fraudulent response to a USCIS Request for Evidence ("RFE"), falsely asserting that the original petitioner, 1st1 Technologies, LLP, had simply *"changed its name... to DejaVuAI Inc."* and switched its EIN. This statement was a corporate misrepresentation; 1st1 Technologies, LLP and DejaVuAI, Inc. were completely separate legal entities with distinct EINs and UBIs. Crucially, **USCIS rejected this attempted substitution**. USCIS issued the final I-129 approval strictly to the original petitioner, **1st1 Technologies, LLP (EIN: 85-1294804)**. The text of the Injunction rests entirely on an administrative narrative that federal immigration records disprove.

9. **Active Arbitral Review of Dispositive Motion:** During the November 10, 2026 initial conference in AAA Case No. 01-26-0005-6588, Arbitrator Gillette granted Defendant leave to submit a Dispositive Motion to Dismiss under AAA Rule R-34 addressing Plaintiff's judicial estoppel, lack of title, and 352-day waiver, reserving judgment on whether Plaintiff will even be permitted to file a response.

## III. ARGUMENT

### A. Federal Courts Possess Inherent Authority to Stay Contempt Proceedings When the Underlying Injunction Is Tainted by Fraud on the Court

A federal district court possesses inherent equitable power to control its docket, prevent abuse of its process, and stay enforcement of its orders when newly presented documentary evidence demonstrates

that an injunction was procured through material misrepresentations. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

Under the federal doctrine of **judicial estoppel**, established in *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001), a party that secures an administrative benefit by swearing to one set of facts before a federal agency (USCIS) is strictly barred from taking a contradictory position in federal court to gain an unfair litigation advantage [ civics ]. Here, Plaintiff's entire claim of software ownership—and by extension, the Preliminary Injunction and the resulting contempt order—cannot survive Plaintiff's own sworn federal certifications that 1st1 Technologies, LLP (EIN: 85-1294804) was Defendant's employer and that **"Mr. Kapoustine is the inventor and owner of image search and recognition technology, DejaVuAI."**

**B. Allowing Contempt Enforcement to Proceed Before the Arbitrator Rules on Judicial Estoppel Creates Severe, Irreparable Injustice**

Enforcing contempt sanctions against a *pro se* litigant while the designated arbitral tribunal is actively adjudicating a dispositive motion that will extinguish Plaintiff's underlying ownership rights violates basic principles of equity and judicial economy:

1. **Direct Nexus Between Arbitrated Claims and Contempt:** The contempt order enforces a Preliminary Injunction whose sole legal justification is Plaintiff's alleged contractual and trade-secret ownership over the Software (Counts III and V)—the exact claims currently pending dismissal with prejudice in AAA Case No. 01-26-0005-6588.

2. **Preventing Tactical Abuse of Bifurcated Proceedings:** Plaintiff deliberately delayed initiating arbitration for 352 days specifically to avoid testing its fraudulent employment narrative on the merits while simultaneously using this Court's contempt power as a punitive weapon. Staying

contempt enforcement preserves the status quo without prejudice to Plaintiff while preventing irreparable harm to Defendant caused by an injunction built on documented perjury.

## IV. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Defendant Fedor Kapoustine respectfully requests that this Court:

1 **TAKE JUDICIAL NOTICE** of the sworn USCIS petitions (Forms I-129 and I-140) and the pending Rule R-34 Dispositive Motion in AAA Case No. 01-26-0005-6588;

2 **ENTER AN EMERGENCY ORDER IMMEDIATELY STAYING** all enforcement, sanctions, and further proceedings related to the Court's Contempt Order pending a final ruling by Arbitrator Gillette on Defendant's Dispositive Motion to Dismiss in AAA Case No. 01-26-0005-6588; and

3 **GRANT** such other and further equitable relief as the Court deems just and proper.

Dated: November 16, 2026

Respectfully submitted,

__/s/_Fedor Kapoustine___

**Fedor Kapoustine**, *Defendant Pro Se*

(address withheld for security reasons)

Phone: (425)240-4627

Email: ted.kapustin@pm.me

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026, I electronically filed the foregoing *Defendant's Emergency Motion to Stay Contempt Enforcement Pending Arbitration and Notice of Fraud on the Court* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

__/s/_Fedor Kapoustine___

**Fedor Kapoustine**, *Defendant Pro Se*