UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEJAVUAI INC.,<br><br>Plaintiff,<br><br>v.<br><br>FYODOR KAPUSTIN also known as TED also known as FYODOR KAPUSTINE,<br><br>Defendant. | CASE NO. 2:25-cv-00915-JNW<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY CONTEMPT ORDER |

Defendant Fyodor Kapoustine's motion to stay contempt enforcement pending arbitration comes before the Court. Dkt. No. 120.

Preliminarily, while Kapoustine noted the motion for same-day consideration and captioned it as an "emergency motion," it is not a motion for a temporary restraining order, or otherwise permitted as a same-day motion by Local Civil Rule ("LCR") 7. And motions to shorten time (expedite) have been abolished in this district. LCR 6(b). Accordingly, the motion was improperly noted. Kapoustine must note future motions consistent with LCR 7 and any other applicable LCRs and Federal Rules of Civil Procedure.

Because Kapoustine asks the Court to stay enforcement of its contempt order pending arbitration and invokes the Court's inherent authority to stay proceedings, the Court construes the motion as requesting a *Landis* stay. When considering a *Landis* stay, the Court must weigh the following competing interests: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

Kapoustine's motion does not address this standard, but even read generously, each interest weighs against a stay. A stay would harm DejaVuAI by letting Kapoustine keep disparaging the company and contacting its business contacts in violation of the injunction. Complying imposes no real hardship on Kapoustine, as the Court has imposed no fines, and coercive sanctions will follow only if he does not comply. Nor would a stay simplify anything. The arbitrator has only granted Kapoustine leave to file a dispositive motion. And the contempt finding rests on the injunction's no-contact, non-disparagement, and non-interference provisions—not its trade-secret provision. Dkt. No. 111 at 6.

Kapoustine also argues "Plaintiff's entire claim of software ownership—and by extension, the Preliminary Injunction and the resulting contempt order—cannot survive Plaintiff's own sworn federal certifications that 1st1 Technologies, LLP . . . was Defendant's employer and that Mr. Kapoustine is the inventor and owner of

image search and recognition technology, DejaVuAI." Dkt. No. 120 at 6 (citation modified). To the extent the motion seeks reconsideration of the Court's preliminary injunction, the Court denies it because (1) it fails to address the legal standard for reconsideration, (2) the arguments it presents (including judicial estoppel) could have been raised in Kapoustine's initial briefing, and (3) it is untimely. *See* LCR 7(h)(1)–(2). If the motion seeks reconsideration of the contempt order, it is timely, but identifies no manifest error and thus fails for this reason.

Accordingly, the motion is DENIED. Dkt. No. 120.

Dated this 18th day of November, 2026.

Jamal N. Whitehead
United States District Judge